**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Charles Goff,<br>Plaintiff<br>-vs-<br>Trinity Food Service, et al.,<br>Defendants. | CV-20-1288-PHX-DLR (JFM)<br><br>**Order and**<br>**Report and Recommendation** |

Plaintiff seeks, *inter alia*, leave to amend and supplement his Complaint. This matter is before the undersigned magistrate judge on referral for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1). Because the appropriate resolution of the motion to amend/supplement is potentially dispositive of some of Plaintiff's claims, the undersigned proceeds by way of a Report & Recommendation to the referring district judge, pursuant to 28 U.S.C. § 636(b)(1)(B). *See Bastidas v. Chappell,* 791 F.3d 1155, 1164 (9th Cir. 2015) (authority of magistrate judge over denial of leave to amend depends on the outcome).

**A.  MOTIONS RE AMENDMENT/SUPPLEMENT**

Under consideration are Plaintiff's Motion to Amend and Supplement Complaint filed January 8, 2021 (Doc. 25) and his Motion to Correct the Record filed February 2, 2021 (Doc. 29).

On January 22, 2021, Defendants responded (Doc. 27), arguing that the amendment is futile adding back previously dismissed claims, fails to comply with the Court's Order filed January 5, 2021 (Doc. 23) and Local Civil Rule 15.1 by not providing a redlined complaint, and is delinquent.

Plaintiff did not reply, but filed his Motion to Correct the Record (Doc. 29) arguing that he had included a motion to extend the time to amend in his prior motion to amend (Doc. 22), and that because "a supplemental complaint entirely replaces original Complaint" it is not required to be redlined under Rule 15(d).   The Court will grant that motion to the extent that the Court will treat this filing as a reply on the Motion to Amend/Supplement.

**Motion to Amend/Supplement Delinquent** - Plaintiff's Motion is both a motion to amend and a motion to supplement, as he seeks to not only add new claims, but to restate existing claims and re-add previously dismissed claims by re-asserting them.   Indeed, its caption so states.

The motion to amend/supplement is delinquent.   The Court's Scheduling Order provided: "All motions to join parties or to amend or supplement pleadings shall be filed by December 21, 2020." (Order 10/5/20, Doc. 15 at 3.)

Plaintiff asserts that he included a request for an extension in his earlier motion to amend.   Indeed, that motion provided: "Should this Court deny this motion due to its unorthodox execution, I request an extension of time to file another amended supplemental complaint, please." (Doc. 22 at 5.)   But that request was not granted.  Rather the entire motion was denied without prejudice. (Order 1/5/21, Doc. 23.)  Moreover, the motion was not denied based upon some unorthodoxy in its "execution" but for failure to comply with specific rules.  "The Court will deny leave to amend because Plaintiff: (1) has not restated his entire complaint, but has attempted to incorporate the existing complaint by reference; (2) has not submitted a proposed amendment on an approved form of prisoner complaint; and (3) has not provided a 'redlined' copy of the proposed amendment." (Order 1/5/21, Doc. 23 at 1.)

**Redlining Requirement** - Moreover, Plaintiff has again failed to comply with Local Rule of Civil Procedure 15.1.   Plaintiff asserts that because his motion seeks to supplement with new transactions pursuant to Federal Rule of Civil Procedure 15(d), it is not subject to this requirement.   Assuming *arguendo* Local Rule of Civil Procedure 15.1

should be read so narrowly, the fact is that Plaintiff has combined an amendment with a supplement. A cursory review reveals that Plaintiff has included changes referring not just to recent events, but wholesale modifications to the subject of his existing claims as well.

The Court might be hesitant to rely on this ground in light of Plaintiff's *pro se* status, but the Court had, just prior to this motion, specifically directed:

> Any renewed motion to amend or supplement should include as an exhibit the "redlined" complaint as mandated by Local Civil Rule 15.1 and should be accompanied by a proposed amended complaint ready for filing, to be lodged when the motion is filed.

(Order 1/5/21, Doc. 23 at 2.) Moreover, the Court had explained the purpose of this requirement in light of the Court's obligation to not only screen but do so in light of the law of the case resulting from the screening of the prior screening order.

**Request to Extend** - Plaintiff again includes in this motion a one sentence request to extend the time to move to amend or supplement. (Doc. 25 at 5.)

Scheduling Orders entered before the final pretrial conference may be modified upon a showing of "good cause." Fed. R. Civ. Proc. 16(b).

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)… Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

Here, Plaintiff fails to show the deadline could not have been met with diligence. His proposed supplements appear to turn largely on events occurring in August and October 2020. But, his first attempt to amend/supplement was not filed until December 18, 2020, just three days before the scheduled deadline, and acknowledged its tardiness by

- 3 -

requesting an extension as an alternative remedy. Moreover, his second motion not only was delinquent, but failed to comply with explicit direction from the Court on providing a redlined copy of his amendment.

Accordingly, not only should the primary relief be denied, but the alternative relief of an extension should also be denied.

**B.  MOTION TO SUBSTITUTE**

Also under consideration is Plaintiff's Motion to Substitute Defendants filed February 5, 2021 (Doc. 30). Plaintiff seeks to substitute proper corporate names ("Trinity Services Group" and "Keefe Commissary Network, LLC") for Defendants Trinity and Keefe.

No response to the motion has been filed, and the Court deems the lack of response a consent to the granting of the motion. *See* LRCiv 7.2(i).

Moreover, the motion is well taken. Federal Rule of Civil Procedure 15(b)(2) provides: "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Here, Defendants have themselves raised the issue, asserting: "Defendants Trinity Services Group (incorrectly identified in Plaintiff's Complaint as "Trinity Food Service," hereinafter "Trinity") and Keefe Commissary Network, LLC (incorrectly named in Plaintiff's Complaint as "Keefe Commissary Network," hereinafter "Keefe") (hereinafter collectively "Defendants"), hereby respond to Plaintiff's Motion to Amend and Add a Supplemental Complaint (Doc. 25)." (Doc. 27 at 1.)

**IT IS THEREFORE ORDERED**:

(A) Plaintiff's Motion to Correct the Record (Doc. 29) is **GRANTED** to the extent that such motion is considered as a reply in support of the Motion to Amend and Supplement Complaint (Doc. 25).

(B) Plaintiff's Motion to Substitute (Doc. 30) is **GRANTED**.

(C) Trinity Services Group is **SUBSTITUTED** in place of Defendant Trinity Food

Service.

(D) Keefe Commissary Network, LLC is **SUBSTITUTED** in place of Defendant Keefe Commissary Network.

**IT IS THEREFORE RECOMMENDED** Plaintiff's Motion to Amend and Supplement Complaint (Doc. 25) be **DENIED**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, see United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

(A)

Dated: March 2, 2021

20-1288-025o Order 21 03 01 on Motion to Amend and Supplement Complaint.docx

James F. Metcalf
United States Magistrate Judge