IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Shawn Charles Goff,<br><br>Plaintiff,<br><br>v.<br><br>Trinity Food Service, et al.,<br><br>Defendants. | No. CV-20-01288-PHX-DLR (JFM)<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 33) regarding Plaintiff Shawn Charles Goff's Motion to Amend and Supplement Complaint (Doc. 25), which recommends that the motion be denied. Plaintiff objected on March 16, 2021. (Doc. 36.) Defendants filed no Response. The Court has considered the objection and reviewed the R&R *de novo*. *See* Fed. R. Civ. P. 72(b).

The Magistrate Judge denied Plaintiff's motion, in part, because it was filed two weeks after the December 21, 2020 deadline set in the Court's scheduling order. The objection attributes the delay to the requirement that he "exhaust his internal remedies (which weren't concluded until 12-11-2020) regarding implementation of Common Fare Meal, with its requisite fallout."[1] (Doc. 36 at 1-2.) The objection also notes that Plaintiff requested an extension of time to file an amended complaint on December 18, 2020 (Doc.

---

[1] The Court construes "internal remedies" to mean administrative remedies.

22), although the Court denied it for failing to comply with certain rules (Doc. 23).

A "court should freely give leave [to amend] when justice requires." Fed. R. Civ. P. 15(a). And, upon a showing of "good cause," a court may modify a scheduling order. Fed. R. Civ. P. 16(b). A delay caused by the time necessary to exhaust administrative remedies could be good cause for modifying a scheduling order to extend time for filing a motion to amend. But Plaintiff never raised this argument with Magistrate Judge Metcalf. He first raised it in his objection; therefore, the Court considers the argument waived. *Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 639 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). Besides, Plaintiff filed his motion to amend nearly a month after exhausting his administrative remedies, and he does not explain this additional delay. Plaintiff has failed to show good cause to extend the scheduling order's deadline for amending pleadings.[2]

**IT IS ORDERED** that Plaintiff's objection to the R&R (Doc. 36) is **OVERRULED.** The R&R (Doc. 33) is **ACCEPTED**. Plaintiff's Motion to Amend and Supplement Complaint (Doc. 25) is **DENIED**. This matter is referred back to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pre-trial proceedings.

Dated this 22nd day of September, 2021.

Douglas L. Rayes
United States District Judge

---

[2] The objection raises other issues regarding the R&R, but the Court need not address those issues because it agrees with the R&R's ultimate recommendation that the motion to amend should be denied.