IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Charles Goff,<br><br>   Plaintiff,<br><br>v.<br><br>Trinity Food Service, et al.,<br><br>   Defendants. | No. CV-20-01288-PHX-DLR (JFM)<br><br>**ORDER** |

This matter was tried to the Court on April 26, 2023. After the close of evidence, the Court took the matter under advisement. After considering the evidence presented and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

**I. Findings of Fact**

1. Plaintiff Shawn Charles Goff ("Goff") is confined in Arizona Department of Corrections, Rehabilitation & Reentry, ("DOC") at the Arizona State Prison Complex.

2. At all times material to his claims, Goff was housed at ASPC Lewis, Rast Maximum Security Unit.

3. Defendant Trinity Services Group ("Trinity") is a for-profit corporation that contracts with the DOC to provide food service to prisoners held in DOC custody.

4. Laura L. Donnelly ("Donnelly") is a Dietician employed by Trinity to design menus and diets to meet nutritional requirements and contract specifications for prisoners in DOC custody, including Goff, while he was held in maximum custody.

5. Since before his incarceration with DOC, Goff has been a devout Wiccan.

6. Goff's sincerely held religious faith requires him to eat an ovo lacto diet, which is partially a vegetarian diet.

7. But unlike a pure vegetarian diet, the ovo-lacto diet includes eggs and dairy, the only animal products allowed on this diet.

8. Although eggs and dairy are allowed in the ovo lacto diet, they are not required.

9. From 2007 until 2012 Goff requested, and was approved for, an ovo lacto vegetarian diet.

10. In 2012 Goff's ovo-lacto diet was changed to a pure vegan diet without his approval or consent.

11. Goff commonly supplemented the vegan diet with eggs and dairy from DOC's commissary from 2012 to 2017.

12. Goff was warned he would be removed from the vegan diet if he continued to supplement his diet with non-vegan items.

13. There were occasions when Trinity failed to provide Goff with all the food items listed on the approved diet menu created by Ms. Donnelly.

14. This became more serious when Goff was transferred to Rast's Maximum Security Unit in May 2019 because there, he is unable to interact with Trinity's staff directly.

15. In September 2019, Goff began writing grievances to ADCCR about his diet, the lack of food items provided on the vegan diet, and his alleged loss of weight.

16. Grievances do not go to Trinity staff, but Donnelly will often counsel ADCRR staff on prisoner grievances related to food service.

17. Goff claims to have lost weight while on the vegan diet because he was often not provided with all food items on the vegan menu.
18. Goff has alleged that his weight decreased from 178 to 157 pounds between May 2019 and September 2019.
19. There were several medical records presented which contained Goff's weight at the time the record was created.
20. No records presented showed that Goff's weight was close to 178 pounds before May 2019.
21. Upon his admission to the DOC in June 2004, Goff weighed 161 pounds.
22. Goff's medical records show that from July 16, 2019, until November 21, 2020, he weighed between 160 and 162 pounds.
23. During the period of time that he claims to have lost weight, on July 14, 2019, Goff made an "urgent" request to be seen for treatment "ASAP," because he was having "a lot pain in [his] mouth" after being involved in an altercation with security staff.
24. His first Inmate "Informal Complaint Resolution," filed on September 10, 2019, eight weeks after July 16, 2019, when he was weighed as 160 pounds, did not mention his alleged weight loss.
25. During those eight weeks, there is no evidence of any weight loss.
26. Goff did not speak to any "institution staff" about the bases for his informal complaint.
27. The first time Goff complained of weight loss was in his second Inmate Grievance-GF Supplement dated September 30, 2019, where he stated his weight fell from 172 to 157 lbs.
28. Goff's September 30, 2019, grievance was filed ten weeks from the time he claims he began losing weight to allege weight loss.
29. Goff has not provided a credible explanation for why he waited so long to allege weight loss.

30. In his "Inmate Grievance" dated October 18, 2019, Goff stated that he weighed 172 pounds in May 2019.
31. The Court has not been provided with medical records establishing what his "baseline" weight was on or about before the date he claims he first began to experience weight loss because of his diet, the May 2019, time frame.
32. However, Goff's claim that Trinity often shorted his meals by not including all the items of the meal for the day was corroborated by Corporal Joel Breevaart, ("Breevaart").
33. Breevaart, was assigned to the Rast Unit, and personally served Mr. Goff meals in 2019.
34. He confirmed that there were occasions when Trinity failed to provide all food items to Mr. Goff while he was on the vegan diet.
35. When Plaintiff complained of missing food, Breevaart would approach the kitchen, usually inmate staff, and obtained any items that were confirmed to be missing.
36. Occasionally Trinity employees would not agree to provide the missing food items.
37. Breevaart and other DOC employees would sometimes supplement Mr. Goff's diet with additional remaining food items.
38. Breevaart did not notice any weight loss by Goff.
39. Goff never complained to Breevaart about weight loss.
40. Breevaart was not made aware of Mr. Goff's claim that he was losing weight.
41. In 2020, the vegan diet at DOC was discontinued in favor of the Common Fare Diet.
42. The Common Fare Diet is a vegan diet that is also kosher.
43. Common Fare Diet is nutritionally sufficient when it includes all food items.
44. If an inmate is not provided with all the food items on the Common Fare Diet, the diet can become nutritionally inadequate.

45. Trinity occasionally failed to provide Goff with all the food items on the Common Fare Diet.
46. When Trinity did not provide all the food items to Goff his diet was nutritionally inadequate.
47. Plaintiff has not shown that he lost significant weight after his transfer to Rast Unit in May 2019.
48. Goff has not presented evidence to show that Trinity had a policy or procedure to short Vegan meals to make up for the theft of food or to save costs.
49. The DOC contracts with Trinity to provide certain food services to inmates incarcerated therein, including at ASPC Lewis.
50. Trinity, through its registered dieticians, developed the Vegan Menu pursuant to which the DOC meals are prepared, based on the specifications, directives and guidelines provided by the DOC concerning daily caloric and nutrient requirements.
51. Trinity does not have control over what specific diet menu an inmate will receive.
52. While Trinity could design an ovo-lacto diet, only the DOC could authorize that Plaintiff receive it.
53. If Goff was punished for purchasing additional food from the commissary, that punishment was by DOC and not Trinity .
54. The evidence in this case does not support Goff's allegation that Trinity received any inmate letters or grievances from Goff.
55. The reference to "Ms. Smith" on the Inmate Letter dated November 24, 2019, relates to a "food service liaison" that was not an employee of Trinity.

## II. Conclusions of Law

1. "Adequate food is a basic human need protected by the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996).

2. Prisoners must be provided food that is nutritionally adequate to maintain health. *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). "[I]nmates rely on prison officials to provide them with adequate sustenance on a daily basis[,]" and "[t]he repeated and unjustified failure to do so amounts to a serious deprivation." *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009).

3. Whether food is sufficient to maintain health is often determined by its nutritional and caloric values. *See Florer v. Bales-Johnson*, 752 F. Supp. 2d 1185, 1200–01 (W.D. Wash. 2010) (finding that, in light of the prisoner-plaintiff's body weight and caloric needs, the prison's kosher meals, which provided an average of 2,380–2,910 calories per day, were sufficient to maintain his health); *see also Green v. Ferrell*, 801 F.2d 765, 770–71 (5th Cir. 1986) (finding two meals a day sufficient if nutritionally and calorically adequate); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (finding one meal a day for 15 days, where the meal contained 2,000 to 2,500 calories and was sufficient to maintain health and constitutionally adequate).

4. A diet with insufficient calories for an extended period raises serious constitutional concerns. *See Hutto v. Finney*, 437 U.S. 678, 683–84 (1978) (prison diet that consisted of just 1,000 calories a day may be tolerable for a few days but "intolerably cruel for weeks or months").

5. Goff has not met his burden of proving that the Vegan Diet Menu, as designed, failed to provide adequate nutritional and caloric value.

6. Goff failed to prove that Trinity's Vegan Diet Menu or its Common Faire menu was inconsistent with his requested ovo-lacto diet, a vegan diet that also allows, but does not require, eggs and diary.

7. The Vegan Diet Menu and Common Faire designed menus served by Trinity were nutritionally sufficient.

8. Although Goff failed to show that the Vegan Diet Menu and Common Faire Diets did not provide adequate nutritional and caloric values, despite not

including eggs and dairy, he did show that there were occasions when he was not served all the items contained in a Trinity designed meal.

9. It is troubling when even one meal served to an inmate does not contain all the items necessary for reasonable nourishment.

10. That happened to Goff on more than one occasion.

11. Trinity has not explained why or how that could happen.

12. However, to prove an Eighth Amendment claim against Trinity, a private entity serving a traditional public function, Goff must show that an official policy or custom caused the constitutional violation. *Monell v. Department of Social Services*. 436 U.S. 658, 690-94 (1978); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities acting under color of state law).

13. Goff must demonstrate that (1) he was deprived of a constitutional right; (2) Trinity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to Goff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

14. Goff has not proven that Trinity had a policy or custom that caused a constitutional violation.

15. A policy is "a deliberate choice to follow a course of action" made by the officials or entity "responsible for establishing final policy with respect to the subject matter in question." *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)).

16. A "custom" for purposes of municipal liability is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

17. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).
18. Goff has not proven that Trinity had a policy of depriving him of sufficient food and nutrition.
19. Goff's assertion that, on three occasions, he had to "enlist aid" from correctional officer Breevaart to "get Trinity to Kitchen Staff to properly make the Vegan Diet" is not sufficient to prove a custom.
20. To be sufficiently serious to form the basis of an Eighth Amendment violation, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id. (citing Rhodes*, 452 U.S. at 347).
21. Trinity's response of mostly, on the few occasions it was informed that Goff's meal missed items, providing the missing food items is not consistent with a policy of depriving Goff of sufficient nutrition, nor with the denial of "the minimal civilized measure of life's necessities" even though it did not always make up the missing items.
22. Goff has not made a "subjective" showing that Trinity acted with a "sufficiently culpable state of mind"; that is, it acted with deliberate indifference to the Goff's health or safety. *Farmer*, 511 U.S. at 834.
23. To show deliberate indifference, Goff must establish that the Trinity knew of and disregarded an excessive risk to his health or safety. *Id*. at 837.
24. Goff has not shown that Trinity had knowledge that Goff was being denied the life necessity of adequate nutrition.
25. Goff has not shown that Trinity was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that Trinity actually drew the inference. *Id*.

26. Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's health or safety. *Id.* at 835.
27. Goff has not met his burden of proving that, objectively, his deprivation was sufficiently serious.
28. His claim of losing approximately 20 pounds because of inadequate nourishment was not supported by the facts.
29. Goff has not met his burden of proving that, subjectively, Trinity acted with deliberate indifference and that it knew of and disregarded an excessive risk to Plaintiff's health or safety.
30. There is no evidence that Trinity had any knowledge that Goff was alleging that he lost weight.
31. Goff has failed to meet his burden of proof on the one remaining claim, his Eighth Amendment *Monell* claim against Trinity.
32. Trinity is entitled to judgment on Goff's claim including the claim for injunctive relief.

**IT IS ORDERED** that, within 14 days of the date of this Order, Defendant shall file a form of judgment consistent with these Findings of Fact and Conclusions of Law.

Dated this 17th day of May, 2023.

Douglas L. Rayes
United States District Judge